IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| vs. : | CRIMINAL NO. 16-00099-WS-N |
| : | |
| : | |
| MONTAVIUS MILLER, : | |
| Defendant. | |

ORDER

This action is before the Court on the Government's Amended Motion for Detention. (Doc. 12). A detention hearing was held before the undersigned Magistrate Judge on June 27, 2016. Present at the hearing was the defendant, Montavius Miller, along with his counsel of record Richard Alexander, Esq., and Assistant United States Attorney Christopher Baugh. Upon careful review of the Court file, including the pretrial services report, the evidence presented at the detention hearing and the applicable case law, the Court, for the reasons that follow, grants the Government's motion.

BACKGROUND

Defendant Montavius Miller, age 22, is charged by way of indictment with Conspiracy (Count 1), Carjacking (Count 2) and Brandishing a firearm during and in relation to a crime of violence (Count 3). FBI Special Agent David Kowalski testified to the following facts surrounding the alleged offenses, some of which the officer testified are captured on video surveillance:

1

Defendant Miller, along with two accomplices, was sitting in defendant's vehicle (Silver Mazda) in the parking lot of Forest Hills Apartments in Mobile, Alabama. As a man walked to his car one of the accomplices exited defendant's vehicle with a gun and forced the man into his (the victim's) car (Tahoe). Defendant's vehicle then waited for the Tahoe to pull out of the parking lot and followed the Tahoe out of the lot to an abandoned house in a remote area. Once at the house, the victim speaks to his wife by phone and negotiations ensue over a ransom for the victim's safe return. At some point during the conversation a firearm is discharged into the air. The victim is then transported (at some point he is placed in the trunk of the defendant's car) to a hotel room and held there against his will. The driver's license on file with the hotel belongs to the defendant, Montavius Miller, and he admitted this fact to the officers. At some point the victim was again placed in the trunk of defendant's car that was later found abandoned in the apartment complex. The victim, who was bound by tape, was able to loosen the binds, release the trunk latch and escape the vehicle and seek help from a resident in the complex who called 911.

ANALYSIS

Pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3142, a defendant may be detained pending trial only after a hearing, held pursuant to 18 U.S.C. § 3242(f), and upon a finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). A finding that the defendant is *either* a flight risk or a danger to the community is sufficient to detain the person pending trial. *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988).

In making this determination, the Court considers the following § 3142(g) factors: (1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including -- (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

In the instant case, based on the nature of the offenses charged, there is a statutory presumption that the Defendant should be detained. Once invoked, the defendant is obliged to produce evidence to rebut that presumption. *United States v. Niles*, 874 F. Supp. 1372, 1374 (N.D. Ga. 1994) (citing *United States. v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990)). If the defendant is successful, "the presumption does not disappear, but rather

becomes evidence to be weighed, along with other evidence, as suggesting a risk of flight or risk of danger." *Id*. [1]

*Danger*

The government moves for detention on the grounds that Defendant poses a danger to the community. Defendant is charged with a crime of violence. The weight of the evidence against the defendant is strong. Agent Kowalski testified that there is a videotape showing portions of the carjacking. Additionally, Defendant has admitted to his involvement.[2] Defendant has a prior criminal history consisting of domestic violence arrests and convictions (3rd Degree Harassment, 3rd Degree Assault).

Defendant's mental health is also of much concern. Defendant's mother, Teresa Roberson[3], testified that the he has had multiple inpatient hospitalizations at Alta Pointe since he was twelve years old. She testified that over the years Defendant has been diagnosed with Attention Deficit Disorder, BiPolar Disorder, Depression, Schizophrenia and Defiant Disorder. Mrs. Roberson noted that as a child Defendant "always ran away" and

---

[1] The Government does not move for detention on the basis of risk of flight. Defendant has a strong family ties in the community and has held a job for the past four years.

[2] There was no testimony presented that placed the gun in defendant's actual possession. Additionally, Agent Kowalski testified that one of the accomplices stated that at some point during the evening defendant expressed a desire to end his participation in the offenses.

[3] Mrs. Roberson testified that she is a Registered Nurse currently working at Providence Hospital in Mobile, Alabama.

developed friendships with "the wrong people." She further testified that the Defendant tried to hang himself at 13, has overdosed on his medications [4] and cut himself (she recalls in 2013 or 2014). Mrs. Roberson noted that when Defendant is in inpatient settings he is compliant with his medications but often fails to comply with the medication regimen upon release.

The evidence presented at the hearing reflects that the Defendant is currently employed with the Mobile Civic Center. Mrs. Roberson testified that Defendant had been employed with the Civic Center for approximately four years and that his employer had advised he could return to his job if released from custody. Defendant has been living with his grandmother and great aunt since approximately 2013.[5] However, both women testified that defendant often stays with his girlfriend. Mary Agee, Defendant's great aunt, testified that she was surprised to learn that he was incarcerated for 90 days in March 2015 and just assumed he was living with his girlfriend. She also testified she was unaware of Defendant's mental health issues. Shirley Ann Allen, Defendant's grandmother, testified that Defendant had been living with her and her sister for approximately seven months. Mrs. Allen works full time at rehabilitation facility in North Mobile County.

---

[4] Mrs. Roberson testified that over the last ten years Defendant has been prescribed Depakote (antipsychotic, mood stabilizer), Remeron (antidepressant) and Risperdal (antipsychotic/bipolar disorder)

[5] Defendant's mother testified that she is remarried and her new husband and defendant did not really get along well. However, she testified there were no physical altercations.

For the reasons set forth above, including the nature of the charges, and Defendant's unresolved mental health issues, the undersigned finds that Defendant has not rebutted the presumption of detention in this case. Accordingly, the undersigned finds by clear and convincing evidence that there are no conditions or combination of conditions that will reasonably assure the safety of the community.  Thus, the Government's Amended Motion to Detain (doc. 12) is granted.

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On Order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE this the 28th day of June  2016.

       /s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**