IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MONTAVIUS MILLER,** )  )  Petitioner, )  )  v. )  )  **UNITED STATES OF AMERICA,** )  )  Respondent. ) | CRIMINAL NO. 16-0099-WS |

**ORDER**

This matter comes before the Court on petitioner Montavius Miller's *pro se* filing that the Court liberally construes as a Motion for Compassionate Release (doc. 113).

Miller is presently serving a 70-month term of imprisonment predicated on his conviction in this District Court of one count of carjacking, in violation of 18 U.S.C. § 2119.  Bureau of Prisons records reflect that Miller is housed at USP Beaumont, with an expected release date of April 16, 2021.  At present, BOP data reflects that there is only one inmate at that facility with an active case of COVID-19.  Nonetheless, Miller's Motion requests that he be given compassionate release because of unspecified "mental and physical health" issues, as well as his post-sentencing rehabilitation efforts and his "clear conduct" in prison.

Miller is one of numerous defendants who has petitioned this Court for compassionate release or modification of sentence based on the effects of the COVID-19 pandemic.  His Motion appears to have been filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by § 603 of the First Step Act enacted in December 2018.  That section allows a defendant such as Miller to petition the Court directly for reduction of a term of imprisonment, without a motion by the Director of the Bureau of Prisons, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  § 3582(c)(1)(A).  In other words, Miller must present his request for compassionate release to prison officials before petitioning this Court for relief.  He makes no showing that he has met this statutory prerequisite.  Moreover, compassionate release is available

only for inmates who demonstrate that "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i).  Nothing in Miller's submission identifies anything approaching extraordinary and compelling circumstances that might warrant the relief he seeks.

For these reasons, Miller's Motion is **denied** as both procedurally and substantively deficient, without prejudice to his ability to renew his motion upon a proper showing that (i) he has complied with the procedural requirements of § 3582(c)(1)(A); and (ii) extraordinary and compelling reasons favor granting him early release from prison.

DONE and ORDERED this 13th day of October, 2020.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE
